

**ORDERED in the Southern District of Florida on May 31, 2023.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                                      Case No. 23-12048-MAM

**MACK LEWIS WELLS, JR.,**                              Chapter 7

 Debtor.

_____/

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR BAD FAITH AND TO IMPOSE FIVE YEAR PREJUDICE PERIOD

**THIS MATTER** came for hearing on April 18, 2023, at 10:00 a.m. in West Palm Beach, Florida (the "Hearing") on the _United States Trustee's Motion to Dismiss Case for Bad Faith and to Impose Five Year Prejudice Period_ (the "Motion"). [ECF# 21]. The Court notes that the United States Trustee requested an expedited hearing on the Motion so that it could be heard at the same hearing as the Court had scheduled for the _Motion for Relief from Stay_ filed by U.S. Bank, N.A. (the "U.S. Bank Motion"). [ECF# 15]. The Court set the Motion on shortened notice because the issues raised in

1

the Motion significantly overlapped with those raised in the U.S. Bank Motion. The Hearing was attended by Debtor, counsel for the United States Trustee, and U.S. Bank, N.A. The Court notes that Debtor voluntarily left the Hearing before counsel for the U.S. Trustee presented the Motion to the Court. The Court finds, therefore, that notice of the Hearing was adequate.

The Court makes the following findings of fact based upon the representations made in the Motion and by counsel to the U.S. Trustee during the Hearing, as well as by the Court's review of the docket in this case and the other ten bankruptcy cases filed by Debtor in this Court.

### **Findings of Fact**

Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on March 16, 2023. [ECF# 1]. Debtor filed this petition *pro se*. Deborah Menotte was appointed chapter 7 trustee, and the initial Section 341 Meeting of Creditors was set for April 11, 2023. [ECF# 2]. The Court's docket reflects that Debtor's bankruptcy petition was not accompanied by schedules or a Statement of Financial Affairs. Debtor filed his schedules and SOFA on April 3, 2023. [ECF# 17].

Debtor did not file a typical creditor matrix, but instead attached to his voluntary petition a hand-written list of creditors that includes only two creditors, namely Visa and Franklin Creditors Management. [ECF #1]. When Debtor filed his schedules, Debtor listed "Visa" on Schedule F with a mailing address that appears to be in Foster City, California, and "Franklin Creditor Management" on Schedule D with a mailing address in "New Jersey, NJ", which appears to be an incomplete address. [ECF #17]. Debtor listed his current residence as 221 W. 27th Street,

2

Riviera Beach, FL 33404. (the "Riviera Beach Property") [ECF# 1]. Debtor's Florida Driver's license filed with the petition, however, reflects an address at 15020 S. River Drive, Miami, FL 33167 (the "Miami-Dade Property"). Debtor's Schedule G does not disclose a lease for his alleged residence at the Riviera Beach Property. [ECF# 17 at p. 25]. Debtor indicated in Schedule A/B that his interest in the Riviera Beach Property is solely as rental property. [ECF #17 at p.3]. Debtor's Schedule J lists expenses of $725 related to the Riviera Beach Property for monthly rent, utilities, and maintenance. [ECF# 17 at pp. 31-32].

Although Debtor disclosed only one of his previous bankruptcy cases on his most recent petition, Case No. 18-24091-RAM (the "2018 Bankruptcy Case"), Debtor is a serial filer. Debtor listed the Miami-Dade Property's address as his residence in the 2018 Bankruptcy Case.

The Court has reviewed the PACER electronic filing system for cases in this Court and notes that Debtor has filed at least 11 personal bankruptcy cases in the Southern District of Florida, including this case. These cases include:

- Case No. 02-50875-RBR;
- Case No. 04-50214-RBR;
- Case No. 08-12277-RAM;
- Case No. 10-41269-LMI;
- Case No. 11-25669-RAM;
- Case No. 12-13445-LMI;
- Case No. 12-40009-LMI;
- Case No. 13-39018-RAM (case dismissed with two-year prejudice period) [ECF #80 in Case No. 13-39018];
- Case No. 17-15864-RBR (case dismissed with one year prejudice period) [ECF #26 in Case No. 17-15864];
- Case No. 18-24091-RAM (case dismissed for debtor's failure to file Financial Management Course Certificate).

Debtor did not receive a discharge in any of his 10 prior bankruptcy cases. In most of these cases, Debtor abandoned his bankruptcy case after obtaining the benefit of the automatic stay. Debtor's history of bankruptcy case filings demonstrates a pattern of using bankruptcy to obtain the benefit of the automatic stay without any real intent by Debtor to pursue a fresh start and entry of a discharge order. This case is no different.

In this case, Debtor initially filed a bare-bones, handwritten petition, without accompanying schedules or a Statement of Financial Affairs. The schedules and Statement of Financial Affairs that he eventually filed reveal very little about Debtor's true financial condition, and include incomplete creditor information about the Miami-Dade Property and a contingent, disputed, and unliquidated debt to "Visa" in an unspecified amount.

The reason for Debtor's latest venture into bankruptcy appears to be an attempt to halt a foreclosure sale of the Miami-Dade Property. The Miami-Dade Property is subject to a *Final Judgment of Foreclosure* (the "Judgment") in Case No. 2010-619828-CA-01, styled *U.S. National Bank Association v. Leroy Williams et al.*, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Foreclosure Case").[1] The state court scheduled the most recent foreclosure sale of the Miami-Dade Property on March 20, 2023. *See* D.E. 279 in the Foreclosure Case. Debtor's petition filed on March 16, 2023, together with a Suggestion of Bankruptcy filed in the Foreclosure Case, appear to have halted the

---

[1] Debtor is a named defendant in the Foreclosure Case.

foreclosure sale of the Miami-Dade Property.

Debtor listed only Franklin Credit Management as a secured creditor with a lien against the Miami-Dade Property in his Schedules. He did not list U.S. Bank, the plaintiff in the Foreclosure Action, as a secured creditor.  Despite omitting U.S. Bank as a creditor in his schedules, U.S. Bank received notice of this case, presumably through the Suggestion of Bankruptcy filed in the Foreclosure Case, and promptly filed the U.S. Bank Motion to obtain stay relief to proceed with the foreclosure sale of the Miami-Dade Property.

There is no evidence in the record that Debtor is an owner of the Miami-Dade Property. Although Debtor listed an interest in the Miami-Dade Property on his schedules, he failed to specify what that interest is. Debtor has not claimed the Miami-Dade Property as his homestead, nor does he reside there. The United States Trustee attached, as Exhibit 2 to the Motion, a Quit Claim Deed recorded in the public records of Miami-Dade County on June 23, 2014 as CFN 2014R0447483 that lists Debtor among others as a "grantor" of title to the Miami-Dade Property to Boss Group Ministries. At the Hearing, Debtor did not contest the authenticity or accuracy of the Quit Claim Deed or present any argument that he did not transfer his interest in the Miami-Dade Property to Boss Group Ministries. Accordingly, the Court finds that Debtor is not an owner of the Miami-Dade Property.

Even if Debtor were an owner of the Miami-Dade Property, Debtor does not appear to have the financial means to cure the  defaults  on  the  mortgage loan secured by the  Miami-Dade Property  to  avoid  the  foreclosure sale.  Debtor scheduled   only $11,200.00 in used personal property, all of which he claims as

exempt, but for which he cited incorrect statutes as the basis for his claim of exemption. [ECF #17 at p. 6-12]. Debtor's schedules reflect a sole bank account at "Well Fargo Bank" with a deposit of $500, and no other financial assets or accounts. [ECF #17 at 7-10]. As reflected in his Schedule I, Debtor is unemployed and only receives income from food stamps and Social Security totaling $1335.00 per month. [ECF# 17 at p. 30]. Debtor's schedules do not disclose whether he is married or has any other source of income.   After subtracting his monthly expenses reflected on Schedule J, Debtor only has $525 per month in disposable income. [ECF #17 at p. 33].

The Judgment entered in favor of U.S. Bank on December 19, 2017 was in the amount of $991,297.35, and interest has been accruing on the Judgment at the prevailing legal rate in accordance with Fla. Stat. § 55.03 for more than 5 years. [ECF #15-1]. Accordingly, Debtor has no means to satisfy the Judgment or to purchase the Miami-Dade Property at a foreclosure sale.

In addition, Debtor scheduled only "Franklin Creditor Management" as having a secured claim against the Miami-Dade Property. Much as Debtor would like to have this Court set aside the Judgment, it cannot do so.[2] The Judgment has been affirmed on appeal by Florida's Third District Court of Appeal, and is final and non-appealable. Therefore, this Court cannot disturb the Judgment.

---

[2] As recited in the Court's Order Granting the U.S. Bank Motion [ECF #35] at finding A, "The state court adjudication is complete with a final order issued by the Florida 3rd District Court of Appeal on the Final Judgment of Foreclosure obtained by Secured Creditor. Per 28 U.S.C. § 1257 and the Rooker-Feldman doctrine, the Court is without power to review the Final Judgment of Foreclosure."

**Jurisdiction and Venue**

The Court finds that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334, and venue is proper in this District pursuant to 28 U.S.C. § 1408.

**Conclusions of Law**

The Court holds that this case should be dismissed for cause pursuant to 11 U.S.C. § 707(a). Section 707(a) provides that a bankruptcy court "may dismiss a case under this chapter only after notice and a hearing and only for cause, including "unreasonable delay by the debtor that is prejudicial to creditors . . . ." 11 U.S.C. § 707(a).

Debtor has filed at least 11 bankruptcy cases, none of which were filed for the purpose of seeking a discharge, but each of which were filed on the eve of or shortly before a scheduled foreclosure sale. These serial filings evidence Debtor's bad faith and intent to delay various creditors from foreclosing on real property, including U.S. Bank with respect to the Miami-Dade Property, in this instance.

"The Bankruptcy Code does not define "for cause," and the three enumerated examples set forth in § 707(a) are illustrative, not exhaustive." *Piazza v. Nutera Healthcare Physical Therapy, LLC*, 719 F.3d 1253, 1261 (11th Cir. 2013). In *Piazza*, 719 F.3d at 1271, the Eleventh Circuit held that prepetition bad faith constitutes cause for involuntary dismissal of a case under § 707(a). *Id.* at 1262 (citing *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373, 127 S.Ct. 1105, 1111, 166 L.Ed.2d 956 (2007); *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3d Cir. 2000); and *McDow v. Smith*, 295 B.R. 69, 74-75 (E.D. Va. 2003)).

While "bad faith" also is not defined in the Bankruptcy Code, the Eleventh Circuit has approved the use of a "totality of the circumstances" test that seeks to determine whether the debtor's deliberate acts or omissions constitute a misuse of the provisions, purpose, or spirit of the Code. *See Piazza*, 719 F.3d at 1272. In this case, Debtor's bad faith is borne out by filing multiple bankruptcy petitions to avail himself of the automatic stay as a device to thwart a creditor enforcing its secured claim against the Miami-Dade Property. Debtor is a serial filer who has never received a discharge in any of his 10 previous bankruptcy cases. Moreover, Debtor has no ownership interest in the Miami-Dade Property, nor does he have the financial means to satisfy the Judgment.  Considering the totality of the circumstances, the Court holds that Debtor filed this case in bad faith, which justifies dismissal of this case without the opportunity for Debtor to obtain a discharge of his debts.

Debtor's history of having filed 11 bankruptcy cases with the intent to thwart enforcement of secured claims against property in which Debtor claimed an interest resulted in the U.S. Trustee also requesting that the Court enjoin Debtor from filing a bankruptcy petition in any bankruptcy court in the United States for a period of time.  The Court has the authority to enjoin Debtor from filing any further personal bankruptcy cases pursuant to its inherent authority under the Bankruptcy Code. *See, e.g., In re United States Corporation Company*, Case No. 20-40375-KKS, 2021 WL 1100078, at *3-4 (Bankr. N.D. Fla. Jan. 22, 2021) (court has inherent authority and statutory power under 11 U.S.C. § 105 to redress violations including bad faith and vexatious litigation). A federal court's inherent authority to sanction includes pre-filing restrictions such as enjoining future filings without leave of court. *See, e.g.,*

*Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993).

Certainly, Debtor's pattern of filing 11 bankruptcy cases solely to forestall properly scheduled foreclosure sales of real property invites entry of a sanction against Debtor in the form of such an injunction. Previously, this Court, in cases nos. 13-19018 and 17-15864, entered injunctions against Debtor filing a bankruptcy petition in any bankruptcy court in the United States for a two-year period and a one-year period, respectively. However, those injunctions have not resulted in Debtor abandoning his tactic of filing bankruptcy solely to delay the legitimate exercise of enforcement rights by a judgment creditor. As a result, a more severe sanction appears warranted to avoid burdening this Court with another frivolous bankruptcy filing by Debtor.

Accordingly, based upon its inherent authority and statutory power under 11 U.S.C. § 105, the Court holds that Debtor's repeated filing of bankruptcy 11 times since 2002 with no intent to pursue a fresh start and entry of a discharge order, but merely to delay or frustrate the effort of a legitimate judgment creditor to enforce its rights and remedies, constitutes good cause to sanction Debtor by entering an injunction against Debtor filing any further bankruptcy cases anywhere in the United States for a period of three years under any circumstance, and then for a period of an additional two years, for a total of five years, without prior leave of this Court in the latter two years.

Accordingly, the Court **ORDERS and ADJUDGES** as follows:

1.     This Motion is **GRANTED.**

2.     This case is **DISMISSED with PREJUDICE.**

9

3.      Debtor is prohibited from filing any further bankruptcy petitions under any chapter of the Bankruptcy Code anywhere in the United States for a period of three years under any circumstance, and then for a period of an additional two years, for a total of **FIVE YEARS**, without prior leave of this Court in the latter two years.

4.      Debtor shall immediately pay the final balance of the filing fee of **$169.00**. Payment must be by money order, cashier's or "official" check payable to "Clerk, United States Court," and delivered to: U.S. Bankruptcy Court, 1515 N. Flagler Drive #801, West Palm Beach, FL 33401. Any funds remaining with the trustee shall be applied to this balance and the trustee must dispose of any funds in accordance with the Bankruptcy Code, unless otherwise ordered by the Court. The Court will not entertain a motion for reconsideration of this Order unless all unpaid fees are paid at the time the motion is filed.

5.      In accordance with Local Rule 1002-1(B)(1), the clerk of the court is directed to refuse to accept for filing any future voluntary petitions submitted by Debtor if the refiling violates this Order or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by Debtor.

# # #

Attorney Daniel Gold is directed to serve a copy of this Order on all parties in interest in this case and to file a Certificate of Service